## Lawsuit Greene county

- ========================================================= UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

Shaun Devon Jenkins
Plaintiff
1725 Yorktown Dr
Charlottesville, VA 22901

v.

Greene County, Virginia
c/o County Administrator
40 Celt Road
Stanardsville, VA 22973

Greene County Sheriff's Office
10005 Spotswood Trail
Stanardsville, VA 22973

Defendants.

Civil Action No: 3:26CV16
Jury Trial Requested

- COMPLAINT FOR DAMAGES
UNDER 42 U.S.C. §1983 AND RELATED STATE LAW CLAIMS
- 1. Parties

2. Plaintiff, Shaun Devon Jenkins, is a resident of Charlottesville, Virginia.

3. Defendant Greene County is a political subdivision of the Commonwealth of Virginia responsible for law enforcement oversight and training.

4. Defendant Greene County Sheriff's Office is an agency of Greene County that acted under color of state law at all times relevant.

5. Jurisdiction and Venue

6. This action arises under 42 U.S.C. §1983 for violations of the Fourth and Fourteenth Amendments.

7. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

8. Venue is proper in this district because the events involving Greene County occurred within the Western District of Virginia and Plaintiff resides here.

9. Factual Allegations

- 10. In May 2025, Plaintiff entered a purchase agreement with a private seller for a vehicle.

11. On May 23, 2025, Plaintiff lawfully titled and registered the vehicle in his name through the Virginia DMV.

12. The vehicle was fully insured in Plaintiff's name.

13. Plaintiff had full and undisputed legal ownership and possession of the vehicle.

14. Despite this, Plaintiff's associate filed a false report in Greene County claiming the vehicle was stolen or obtained by false pretenses.

15. Greene County sheriff's personnel accepted the false report and initiated a criminal warrant.

16. Greene County failed to verify DMV ownership records showing Plaintiff was the legal owner since May 23, 2025.

CLERK'S OFFICE U.S. DISTRICT. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 04 2026

LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

17. Greene County issued or authorized the issuance of a warrant lacking probable cause.

18. Plaintiff was never contacted by Greene County before the warrant was issued.

19. On July 29, 2025, Plaintiff was arrested in Fairfax County on the Greene County warrant.

20. Plaintiff's lawfully owned vehicle was seized by Fairfax officers and held as "evidence."

21. Greene County provided no documentation authorizing impoundment, evidence hold, or transfer of custody.

22. The vehicle was later sold by the tow company without Plaintiff's knowledge or consent.

23. Greene County has no records of chain of custody, evidence logs, tow authorization, or property disposition.

24. On January 21, 2026, Plaintiff's criminal case was dismissed.

25. Plaintiff suffered financial loss, arrest, incarceration, emotional distress, loss of transportation, lost wages, and deprivation of property without due process.

26. Claims for Relief

Count I – Unlawful Seizure (42 U.S.C. §1983 – Fourth Amendment)

23. Defendants caused Plaintiff's property to be unlawfully seized by issuing a warrant unsupported by probable cause.
24. This unlawful seizure directly resulted in the loss of Plaintiff's vehicle.

Count II – False Arrest / False Imprisonment (42 U.S.C. §1983 – Fourth Amendment)

25. Defendants issued or approved a criminal warrant without proper investigation and without verifying legal ownership.
26. The warrant caused Plaintiff's arrest and detention.

Count III – Deprivation of Property Without Due Process (42 U.S.C. §1983 – Fourteenth Amendment)

27. Defendants failed to follow lawful procedures in issuing warrants and handling seized property.
28. Plaintiff's vehicle was taken and later sold without notice, hearings, documentation, or due process.

Count IV – Failure to Train / Monell Liability (42 U.S.C. §1983)

29. Greene County failed to train deputies to: • verify ownership before issuing warrants
• properly document evidence or impounded property
• prevent wrongful criminal charges based on false reports
• follow due process requirements

30. These failures constitute a policy, pattern, or custom causing Plaintiff's constitutional violations.

Count V – Negligence / Gross Negligence (Virginia law)

31. Defendants breached their duty of care by failing to investigate, verify ownership, and properly manage property and records.

Count VI – Conversion (Virginia law)

32. Defendants' actions directly resulted in the unlawful deprivation and loss of Plaintiff's vehicle.

33. Damages

Plaintiff seeks: • full replacement value of the vehicle
• financial losses and transportation costs
• emotional distress damages
• legal expenses
• punitive damages (where available)
• attorney's fees and costs under 42 U.S.C. §1988
• any additional relief deemed proper

6. Jury Demand
Plaintiff demands a trial by jury on all triable issues.

7. Prayer for Relief
WHEREFORE, Plaintiff respectfully requests judgment against Defendants Greene County and Greene County Sheriff's Office for:

• compensatory damages
• punitive damages (where permitted)
• declaratory and injunctive relief
• costs and attorney's fees
• any further relief the Court finds proper

Respectfully submitted,

Shaun Devon Jenkins
Plaintiff Pro Se
1725 Yorktown Dr
Charlottesville, VA 22901
Email: Shaun.jenkins55@gmail.com
Phone: 434-465-4535