UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF VIRGINIA – CHARLOTTESVILLE DIVISION

CLERK'S OFFICE U.S. DISTRICT. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 12 2026

LAURA A. AUSTIN, CLERK
BY:
DEPUTY CLERK

Shaun Devon Jenkins, Plaintiff pro se

V.

Greene County, Virginia, et al., Defendants

Civil Action No. 3:26-cv-00016-JHY-JCH

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT GREENE COUNTY SHERIFF'S OFFICE'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Shaun Devon Jenkins ("Plaintiff") respectfully opposes Defendant Greene County Sheriff's Office's Motion to Dismiss (ECF No. 9). The motion raises technical defenses rather than addressing the factual merits of Plaintiff's 42 U.S.C. § 1983 claims. Because the Complaint alleges a false arrest and deprivation of property without due process, and because Plaintiff can cure any pleading defect by amendment, dismissal should be denied or, at minimum, granted **with leave to amend**.

## II. FACTUAL BACKGROUND (SUMMARIZED)

Briefly restate the essential facts:

- **May 23 2025**: Plaintiff titled and registered a 2012 Honda Odyssey in his name.
- **July 29 2025**: Despite ownership proof, Greene County obtained a warrant, and Fairfax County arrested Plaintiff. The car was seized and held as evidence.

  After the case was dismissed (Jan 21 2026), the vehicle was sold without notice or records.

  These facts support claims for unlawful seizure and denial of due process.

## III. ARGUMENT

## A. The "Sheriff's Office" Label Is a Correctable Technical Defect

Plaintiff acknowledges that Virginia law treats a sheriff's office as non-suable; however, Rule 17(b) and Rule 15(a) permit substitution

of the proper defendant. Plaintiff intended to sue **Sheriff Steven S. Smith, in his individual and official capacities**, and/

or **Greene County, Virginia** for acts committed under color of state law. Courts routinely allow such amendments where a pro se litigant's intent is clear. *See* **Gordon v. Leeke**, 574 F.2d 1147, 1152 (4th Cir. 1978).

Because this naming issue is purely technical and no prejudice will result, the motion should be denied or Plaintiff granted leave to amend under Rule 15(a)(2).

## B. Eleventh Amendment Immunity Does Not Bar Individual-Capacity Claims

The Eleventh Amendment protects state entities from monetary damages in federal court, but it does not bar claims against officials **in their individual capacities**. *Hafer v. Melo*, 502 U.S. 21, 30 (1991). Plaintiff seeks damages from the individual officers for actions taken under color of state law that violated his constitutional rights, and also seeks injunctive and declaratory relief to deter future misconduct. Those claims fall well within the court's jurisdiction.

## C. The Complaint States Plausible § 1983 Claims for Relief

Under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a complaint must contain factual matter plausibly showing entitlement to relief. Plaintiff alleged:
1. Arrest and warrant issued without probable cause although he was the lawful owner.
2. Seizure of his vehicle without legal basis or due process.
3. Sale and disposal of property while held as evidence and without notice.
Taken as true, these facts plausibly establish violations of:
- the Fourth Amendment (unlawful seizure and false arrest), and
- the Fourteenth Amendment (deprivation of property without due process).
Therefore, dismissal under Rule 12(b)(6) is unwarranted.

## D. Alternatively, Leave to Amend Should Be Granted

Even if the Court finds the Complaint technically deficient, Rule 15(a)

ro se litigant and can readily amend to clarify the defendants and add specific facts already proved by FOIA responses. *See* **Foman v. Davis**, 371 U.S. 178, 182 (1962). Accordingly, dismissal with prejudice would be inequitable.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Deny** Defendant's Motion to Dismiss; or, in the alternative,

2. **Grant leave to amend** the Complaint to substitute Sheriff Steven S. Smith and/or Greene County as the proper defendant; and

3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Shaun Devon Jenkins, Plaintiff Pro Se

1725 A Yorktown Dr  Charlottesville, VA 22901

shaun.jenkins55@gmail.com | 434-465-4535

Date: May 11, 2026

## Certificate of Service

I certify that a true copy of this Response in Opposition was mailed and emailed to defense counsel for Defendant Greene County Sheriff's Office on May 11, 2026.

Shaun Devon Jenkins