DOCUMENT 3 — First Amended Complaint

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

May 21, 2026

LAURA A. AUSTIN, CLERK

BY: /s/ Kendra Campbell
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

Shaun Devon Jenkins, Plaintiff,

v. Civil Action No. 3:26-cv-00016

Greene County, Virginia; Steven S. Smith, Sheriff of Greene County, in his individual and official capacities, Defendants.

JURY TRIAL DEMANDED
FIRST AMENDED COMPLAINT

Parties, Jurisdiction, and Venue

1.   Plaintiff Shaun Devon Jenkins is a resident of Charlottesville, Virginia.

2. Defendant Greene County, Virginia is a local governmental entity suable under 42 U.S.C. § 1983.

3. Defendant Steven S. Smith was at all relevant times Sheriff of Greene County, acting under color of state law; he is sued in his individual and official capacities.

4. This action arises under 42 U.S.C. § 1983; jurisdiction lies under 28 U.S.C. §§ 1331, 1343. Venue is proper in this district.

Factual Allegations:

5. On May 23, 2025, the Virginia DMV titled and registered a 2012 Honda Odyssey (VIN 5FNRL5H90CB020642) in Plaintiff's name; Plaintiff insured the vehicle the same day. Ex. A (DMV record).

6. Thereafter, an associate filed a "stolen vehicle" report in Greene County although Plaintiff was the titled owner.

7. Sheriff's personnel accepted the report and initiated a criminal warrant without verifying

2025. Ex. B (Sheriff FOIA response listing warrant/incident records).

8. On July 29, 2025, Plaintiff was arrested in Fairfax County on the Greene County warrant; Fairfax officers seized the vehicle as "evidence."

9. While the criminal case was pending, Willow Springs Towing asserted a mechanic's/storage lien; DMV records reflect lien initiation about August 6, 2025, auction date September 16, 2025, and title issuance about October 22, 2025—without notice to Plaintiff. Ex. C (DMV/tow/lien records to be obtained/FOIA references).

10. Greene County cannot produce chain-of-custody, impound/hold, release, or disposition records for the vehicle, and has no property receipts documenting notice or return. Ex. B.

11. On January 21, 2026, the criminal case against Plaintiff was dismissed. Ex. D (dismissal order).

12. Plaintiff suffered loss of his vehicle, arrest/incarceration, emotional distress, loss of transportation, lost wages, and other damages.

Counts

Count I — Fourth Amendment Unlawful Seizure (42 U.S.C. § 1983)

13. Sheriff Smith (individually and officially) caused Plaintiff's vehicle to be seized without probable cause by initiating and maintaining process despite verifiable DMV proof of ownership. Greene County's policies/customs/failures (Count IV) were the moving force.

Count II — Fourth Amendment False Arrest/False Imprisonment (42 U.S.C. § 1983)

14. By initiating a warrant without probable cause, Sheriff Smith caused Plaintiff's arrest and detention in violation of the Fourth Amendment. County policies/customs/failures were the moving force.

Count III — Fourteenth Amendment Deprivation of Property Without Due Process (42 U.S.C. § 1983)

disposition of seized property; Plaintiff's vehicle was sold/retitled without notice while the case was pending.

Count IV — Monell Liability (Greene County)

16. Greene County maintained policies/customs and exhibited deliberate indifference that were the moving force behind the violations, including:

a. Verification Protocols: Failure to require DMV ownership verification before seeking/ forwarding "stolen vehicle" warrants, despite easy access to DMV data.

b. Evidence/Impound Management: Inadequate policies/training for documenting impounds, chain-of-custody, release/disposition, and interagency coordination, evidenced by the County's inability to produce property/evidence records for Plaintiff's vehicle.

c. Notice Before Disposition: Failure to train/supervise to ensure timely, adequate notice and an opportunity to be heard before lien, auction, or sale of seized vehicles, including during active criminal proceedings.

17. The risk of constitutional violations from these deficiencies was obvious; the resulting injuries to Plaintiff were a foreseeable consequence. City of Canton, 489 U.S. at 390–92; Owens, 767 F.3d at 403–05.

Relief Requested Plaintiff requests:

- Compensatory damages (vehicle value; financial losses; emotional distress),

- Punitive damages against Sheriff Smith (individual capacity),

- Declaratory and injunctive relief requiring constitutionally adequate verification, evidence/property, and notice practices,

- Fees and costs under 42 U.S.C. § 1988, and

- All other just relief Jury demand